IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON METZ,                                    3:12-CV-01936-BR

        Plaintiff,                             OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,[1]

        Defendant.


STEVEN J. MUNSON
610 S.W. Broadway
Suite 405
Portland, OR 97204
(503) 200-2718

        Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER



**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

   Attorneys for Defendant

**BROWN, Judge.**

  Plaintiff Jason Metz seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

  Plaintiff protectively filed his applications for SSI and

2 - OPINION AND ORDER

DIB on August 25, 2009, and alleged a disability onset date of June 1, 1999. Tr. 67.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 9, 2011. Tr. 30-66. At the hearing Plaintiff amended his disability onset date to March 31, 2006. Tr. 34. Plaintiff was represented by an attorney and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on May 23, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 15-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on August 24, 2012, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on October 12, 1973. Tr. 67. Plaintiff was 37 years old at the time of the hearing. Plaintiff has a GED. Tr. 35. Plaintiff has past relevant work experience as a small-product assembler and "chain off bearer." Tr. 23.

Plaintiff alleges disability due to anger-management issues, attention-deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), depression, and a "mental condition."

---

[2] Citations to the official transcript of record filed by the Commissioner on July 8, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 168.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is

4 - OPINION AND ORDER

...

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

5 - OPINION AND ORDER

activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

6 - OPINION AND ORDER

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged

7 - OPINION AND ORDER

in substantial gainful activity since his March 31, 2006, alleged onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of borderline cognitive functioning, depression, PTSD, ADHD, and "a history of polysubstance use disorder in claimed remission." Tr. 17. The ALJ found Plaintiff's asthma and patellofemoral instability are not severe impairments. Tr. 18.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 18. The ALJ found Plaintiff can perform "a full range of work at all exertional levels but with some nonexertional limitations." Tr. 19. The ALJ found Plaintiff can perform simple, routine, and repetitive work; he must not have any contact with the public; and he "works best alone and not [as] part of a team." Tr. 19.

At Step Four the ALJ concluded Plaintiff can perform his part relevant work. Tr. 23. The ALJ, however, noted Plaintiff's "work history is scarce, and his earnings have been limited and generally under substantial gainful levels." Tr. 23. The ALJ, therefore, also concluded "if [Plaintiff's] work history can be interpreted as not meeting the definition of past relevant work, there are other jobs existing in the national economy that he is also able to perform." Tr. 23. Accordingly, the ALJ found

8 - OPINION AND ORDER


Plaintiff is not disabled and, therefore, is not entitled to benefits.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony and (2) improperly assessed Plaintiff's RFC.

### I. The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742,

9 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause [Plaintiff's] alleged symptoms," but he concluded Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of his symptoms "are not credible to the extent they are inconsistent with the [RFC]." Tr. 20. The ALJ noted Plaintiff did not seek treatment for his mental-health issues for two years after his alleged onset date. Tr. 20. The ALJ also noted Plaintiff entered a year-long residential drug-treatment program in April 2005, but Plaintiff left the program after only 90 days. Tr. 20, 248. An ALJ may consider an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when weighing a plaintiff's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff also testified at the hearing that he has not used any methamphetamines since July 2005, but Plaintiff reported in July 2008 that he used methamphetamines in February 2008. Tr. 386. The ALJ also found "significant inconsistencies between [Plaintiff's] allegations of his mental conditions preventing him

10 - OPINION AND ORDER

from working and the medical evidence." Tr. 20. For example, the record reflects Plaintiff did not lose his job in November 2008 due to his psychological issues but instead he was terminated because his employer discovered after running a criminal-records check that Plaintiff had two more criminal convictions than he had reported. Tr. 353. In August 2009 Plaintiff's counselor refused to write Plaintiff a letter to "DHS" stating Plaintiff was unable to work due to his mental-health issues. Tr. 314. In December 2009 Plaintiff's counselor advised he would "need to review the situation before agreeing to write to MCCOG" that Plaintiff's mental health "prevents him from working." Tr. 308.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of his conditions. The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

### III. The ALJ properly assessed Plaintiff's RFC.

Plaintiff asserts "the ALJ's RFC findings are contrary to SSR 96-8p because SSR 96-8p requires the ALJ to assess sustained work activity for eight hours a day, five days a week and 'discuss' a claimant's abilities on a regular and continuing basis."

Social Security Regulation 96-8p provides in relevant part:

> Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. . . . RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record, including information about the individual's symptoms and any "medical source statements"--i.e., opinions about what the individual can still do despite his or her impairment(s) - submitted by an individual's treating source or other acceptable medical sources.

SSR 96-8p, at *2 (footnotes omitted).

In *Widman v. Astrue*, 302 F. App'x 744, 747-48 (9th Cir. 2008), the Ninth Circuit concluded the ALJ properly accounted for the plaintiff's inability to work eight hours per day for five days per week when he determined how many hours the plaintiff could be expected to stand and to walk and identified plaintiff's RFC as the most the plaintiff could do. The court held the "ALJ need not conduct a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record." *Id.* at 748 (quotation omitted).

Here the ALJ addressed the extent of Plaintiff's ability to work in the context of an eight-hour work day, found Plaintiff could perform the full range of work at all exertional levels with the nonexertional limitations noted above, and concluded it

was the most Plaintiff could do. Tr. 34. In addition, the ALJ considered in his determination various psychological evaluations of Plaintiff, the Psychiatric Review Technique Form (PRTF), and Plaintiff's work history. Moreover, Plaintiff's alleged limitations were based on subjective complaints that the ALJ properly determined were not credible, and the VE testified an individual with Plaintiff's RFC would be able to perform jobs that exist in the national economy.

On this record the Court concludes the ALJ did not fail to comply with the requirements of SSR 96-8p and did not improperly assess Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of January, 2014.

_____
ANNA J. BROWN
United States District Judge